◼ JAMES O. SANDERS, RESPONDENT, v FIDELITY AND CASUALTY COMPANY OF NEW YORK et al., Appellants.—Order, Supreme Court, New York County, entered on October 19, 1977, granting defendants' motion for renewal and reargument and upon such renewal and reargument adhering to a prior determination granting summary judgment to plaintiff and denying the defendants' cross motion for summary judgment, unanimously modified, on the law, so that upon renewal and reargument the order granting summary judgment to plaintiff and denying defendants' cross motion for summary judgment is vacated, plaintiff's motion for summary judgment is denied and defendants' cross motion for summary judgment is granted and the complaint dismissed. Except, as so modified, that order is affirmed, without costs or disbursements. Appeal from order, Supreme Court, New York County,

entered August 2, 1977, unanimously dismissed, without costs and without disbursements, as academic. Plaintiff, beneficiary of an air travel policy issued by the defendants to Mrs. Sanders, sues to recover the insurance benefits provided under the policy. The facts are not in dispute. Mrs. Sanders was one of three people killed in a helicopter air accident on May 22, 1968. The flight in question was a substitute flight for which coverage was authorized under the policy on the condition (presenting the issue here) that the transportation ticket or pass issued to the insured for "said first airline trip prior to * * * leaving the Point of Departure has been exchanged for another ticket or pass issued for transportation on an Aircraft Operated by a Scheduled Air Carrier on the substituted trip". Recovery is opposed by the defendants on the conceded facts that no such exchange of tickets had occurred. The specific issue here was squarely addressed by this court in *Kronfeld v Fidelity & Cas. Co. of N. Y. (53 AD2d 190, affg 81 Misc 2d 557), in which the court held with regard to an action brought by the beneficiary of a policy bought by another individual who died on the same flight that the condition was not a bar to recovery. The controlling law in Kronfeld* was that of this State. In the instant case the applicable law, taking into consideration all the relevant contacts, is clearly that of Ohio. (See *Auten v Auten,* 308 NY 155, 161.) The issue presented here and in *Kronfeld* was directly determined in Ohio in the case of *Mack v Fidelity & Cas. Co. of N. Y.,* in which the plaintiff was the beneficiary of a policy issued to the third person who died in the crash. Preliminarily, the Court of Common Pleas of the State of Ohio, Stark County, held that the condition described above precluded recovery. That determination was affirmed by the Fifth District Court of Stark County, Ohio (a court of intermediate appellate jurisdiction), on May 1, 1973 (Case No. 3834) and leave to certify the record was denied by the Supreme Court of the State of Ohio on September 14, 1973 (Case No. 73-541). In the absence of any contrary authority in Ohio, we think it clear that the opinion of the Fifth District Court of Stark County, Ohio, in a case involving precisely the issue before us and on the very same facts must be accepted as the most reliable authority on the applicable Ohio law. Accordingly, the order at Special Term granting summary judgment to the plaintiff must be vacated and summary judgment is granted to the defendants, dismissing the complaint. Concur—Lupiano, J. P., Birns, Evans and Sandler, JJ.